NEW ORLEANS, FEBRUARY, 1876.    143

State ex rel. Larrieux vs. Judge of the Superior District Court.

No. 5843.

## STATE EX REL. JOHN LARRIEUX VS. JUDGE OF THE SUPERIOR DISTRICT COURT, PARISH OF ORLEANS.

The Superior District Court, in granting the injunction complained of, having invaded the appellate jurisdiction of this court, the writ of prohibition herein granted was properly issued.

APPLICATION for a writ of prohibition against the Judge of the Superior District Court, parish of Orleans. *Cotton & Levy* and *Simeon Belden*, for relator. There was no answer or defense made.

WYLY, J. Pending the suit of John Larrieux vs. the Crescent City Live-Stock Landing and Slaughter-House Company, just decided, the Assistant Attorney General sued out an injunction in the Superior District Court, at the instance of the Crescent City Live-Stock Landing and Slaughter-House Company, restraining the said John Larrieux from pursuing the occupation of butcher on the right bank of the Mississippi river. Thereupon the relator sued out the prohibition which is now presented for examination.

The question raised by said injunction in the Superior District Court was pending on appeal in this court in the case of John Larrieux vs. the Crescent City Live-Stock Landing and Slaughter-House Company, and the Superior District Court, in granting the injunction complained of, invaded the appellate jurisdiction of this court and the writ herein properly issued.

It is therefore ordered that the prohibition herein be made perpetual at the costs of the Crescent City Live-Stock Landing and Slaughter-House Company.

---

MORGAN, J., *dissenting.* I do not find from the record that the Assistant Attorney General proceeded against the relator at the instance of the Slaughter-House Company. I understand the suit of the State against the relator to have for its object the preventing him from slaughtering animals in a certain locality on the alleged ground that it violates a sanitary law of the State. The Slaughter-House is not a party to that suit.

There was a suit pending between the relator and the Slaughter-House Company when the suit of the State was brought, in which some of the same things were set up in both. That suit has just been determined. It is possible that should the case of the State against the relator come here a like decision would be had. But this, in my opinion, is no reason why the State should be prohibited from suing the relator. The

judgment just pronounced has not the authority of the thing adjudged against the State, because it was not a party to that suit. Not even could he, in my opinion, set up the plea of *lis pendens* against the State, and for the same reason, *i. e.*, that the State was not a party to the other suit.

In my opinion the suit should be refused.